

**ORDERED in the Southern District of Florida on October 26, 2009.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
Southern District of Florida
Miami Division

Case No. 09-12684-BKC-AJC
In re:                                                                    Adv. No. 09-1539-BKC-AJC-A

SOL, LLC,

      Debtor.

_____/

Stuart Hayim,

      Plaintiff,

vs.

RALPH E. GOETZ, CLAUDIA G. GOETZ,
jointly and severally, SOL, LLC d/ba SOL SOTHEBY'S
INTERNATIONAL REALTY and TIM ELMES,

      Defendants.

_____/

**ORDER GRANTING MOTION FOR ABSTENTION AND TO REMAND (D.E. 6)**

     **THIS MATTER** came before the Court at the hearing on June 15, 2009, on (i) Plaintiff

Stuart Hayim's Corrected Motion to Strike Notice of Removal, or for Abstention or Remand (D.E.

6) (hereinafter referred to as the "Motion") and (ii) for a status conference on the Notice of Removal

by Alan L. Goldberg, Chapter 7 Trustee (D.E. 3).

The Court has reviewed the Motion, heard argument of counsel, and is otherwise fully advised in the premises.  For the reasons set forth below, the Motion is granted and this Court abstains from hearing this Adversary Proceeding, or alternatively, remands the dispute in this Adversary Proceeding to the State Court from which the Trustee sought to remove the action to this Court.

The Trustee has sought to remove the State Court Action, to which the Debtor was never formally made a party through service of process, based on the possibility that the estate may recover a real estate commission – the right to which the Debtor transferred prior to its bankruptcy filing. Though a damage claim was asserted against the Debtor in the State Court Action, neither the Debtor nor the Trustee were ever served and the Plaintiff, Stuart Hayim, did not file a proof of claim in the Debtor's bankruptcy case.  Thus, the only current relationship between the Debtor's estate and the state court litigation is that the Debtor is holding the real estate deposit in escrow.  Since an escrow deposit is not property of the estate, such a relationship is far too attenuated and remote from the Debtor's Chapter 7 bankruptcy case to have the bankruptcy court exercise jurisdiction over this matter.

Even if the Debtor still held a claim to a possible real estate commission, such claim  is too removed from the real estate dispute between buyer and seller to act as a predicate for the bankruptcy court to exercise jurisdiction over this state court dispute.

Further, since this is a non-core matter and the Plaintiff purchaser has stated that it will demand a jury trial, the trial of this matter, if the Court were to retain jurisdiction, would ultimately occur in the District Court.  Thus, there is little reason, from a bankruptcy law perspective, for this Court to retain this state law dispute.

# I. **PROCEDURAL BACKGROUND**

On November 6, 2007, the Plaintiff, Stuart Hayim ("Hayim"), as the prospective purchaser of residential real property, filed a complaint against Ralph E. Goetz and Claudia E. Goetz, as sellers, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.: CACE08054312 (21) ("State Court Action"). The Complaint in the State Court Action sought rescission of a contract for sale and purchase of residential real property in Broward County, Florida on the basis of material misrepresentations and omissions.

On February 10, 2009, Hayim amended the Complaint to specifically claim against the sellers, Ralph Goetz and Claudia Goetz: 1) rescission for fraud, and 2) a declaratory judgment that there was no contract due to uncertainty of terms. Hayim also added Debtor SOL, LLC and Tim Elmes as defendants, due to their role in relation to the asserted sales contract as real estate brokers or licensees. Tim Elmes is an independent contractor of, or was otherwise affiliated with the Debtor.

The Amended Complaint included counts for 1) negligent misrepresentation against both SOL LLC and Tim Elmes, 2) violation of Florida Statute section 475.278 against SOL LLC and Tim Elmes (in that each allegedly violated a duty to disclose all known facts that materially affect the value of residential real property and are not readily observable to the buyer, and against SOL LLC for its alleged failure to supervise its employees compliance with that duty), and 3) violation of Florida Statute Section 475.278 against SOL, LLC for failure to provide Hayim with a requested accounting regarding the $1,532,500.00 (approx.) deposit being held in escrow by the Debtor.

As acknowledged in the Trustee's Notice of Removal, the Debtor was never served with the Amended Complaint and never responded to the Amended Complaint. The sellers, Ralph Goetz and Claudia Goetz, did respond to the Complaint, and later the Amended Complaint, with Motions to Dismiss. Tim Elmes responded to the Amended Complaint with a Motion to Dismiss. The Motions

to Dismiss remain pending before the Broward County Circuit Court. Goetz propounded interrogatories and requests for production to Hayim, which have been responded to. Hayim propounded interrogatories, requests for production and requests for admission to Goetz and to Tim Elmes, responses to which are outstanding.

The Debtor filed a voluntary Chapter 7 petition on February 18, 2009. On May 18, 2009, the Trustee filed a Notice of Removal in the United States Bankruptcy Court for the Southern District of Florida. Hayim has contested the removal on the basis that the Debtor cannot remove an action to which it was not a party at the time of its Notice of Removal. In this regard Hayim asserts that the Debtor was never formally a party to the State Court Action since it had never been served with process. Hayim has also requested that this Court abstain from hearing this Adversary Proceeding pursuant to 28 U.S.C. § 1334(c)(1) and (2), or alternatively to remand the case to the state court pursuant to 28 U.S.C. § 1452(b).

### Debtor's Pre-petition Transfer of any claim to Real Estate Commission

It was recently disclosed at the deposition of the Debtor's principal, Carlos Justo, that the Debtor surrendered its Sotheby's franchise to the franchisor and relinquished or transferred all of its real estate listings and claims for real estate commissions prior to the filing of this bankruptcy. *Justo Deposition Transcript* at p. 11, lines 12-21, 12, lines 9-21, and page 13, lines 4-10. This is consistent with the Debtor's sworn bankruptcy Schedules which state that the real estate deposit at issue has "no value to the Debtor." The Trustee disputes the testimony of Mr. Justo, but this Court nonetheless takes judicial notice of the Debtor's bankruptcy Schedules.

## II. LEGAL DISCUSSION

### A.    The Debtor is not a Party to the State Court Action for purposes of Removal

Under the bankruptcy removal statute, only a "party" may remove. See 28 U.S.C. § 1452(a)

(providing that a "party" may remove).  Since the Trustee admits that the Debtor was never served with process in the State Court Action, the Debtor never officially became a party to that action, and thus, its attempted removal is a nullity.

The Debtor is not a party to the State Court Action despite the fact that it was named in the Amended Complaint. In *Murphy Bros., Inc. V. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court found that the time for filing a notice of removal under 28 U.S.C. § 1446(b) is not triggered until service of the initial pleading despite some seemingly contrary language in the statute.  The Court reasoned that since courts cannot exercise personal jurisdiction over a party named in a complaint until that party has been properly served, "one becomes a party officially, and is required to take action in that capacity, *only* upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") *Id*. at 350, 119 S.Ct. 1322 (citations omitted) (emphasis added).

There is no more reason to give a debtor over whom there has been no exercise of jurisdiction a right to remove than there is to provide such a right to a Debtor who could have been named in an action but was not.

Although the Trustee's counsel  indicated in the Notice of Removal that it is "willing" to accept service of the First Amended Complaint on behalf of the Trustee, this does not change the fact that service had not been effected as of the time the Trustee filed his Notice of Removal.  The propriety of removal is determined at the time of removal and not based on the voluntary acts of the removing party that occur thereafter.

## B.    Mandatory Abstention

The Plaintiff requests that the Court mandatorily abstain from this matter pursuant to 28 U.S.C. § 1334(c)(2).  That section provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Under the mandatory abstention statute, "... courts must abstain from hearing a state court claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding.  That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court." *E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container, LLC),* 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002) (citations omitted).

As discussed below, all of the requirements for mandatory abstention are present here.

### 1. No Independent Basis for Federal Jurisdiction

There is no independent basis for federal jurisdiction other than § 1334(b).  The Notice of Removal's sole basis for asserting jurisdiction is under the bankruptcy removal statute and § 1334(b) based on the asserted relationship of the state law claims to the bankruptcy case.  At the hearing on this matter, the Trustee's counsel raised the possibility that diversity jurisdiction may also exist.  However, this was not asserted in the Notice of Removal and may not be asserted for the first time as a response to a request for mandatory abstention.  More fundamentally, the Trustee has not established that diversity jurisdiction exists and there is nothing in the record before this Court upon which such a finding could be made.

### 2. The Claims in the State Court Action are Non-Core

The claims in the State Law Action are garden variety state law claims relating to a pre-petition real estate dispute.  The claims existed prior to and independent of this bankruptcy

proceeding, and do not involve any substantive rights created by federal bankruptcy law. Accordingly, the claims are non-core.  See *Cont'l Nat'l Bank of Miami v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1348-1349 (11th Cir. 1999).  In *Toledo*, the Eleventh Circuit, quoting with approval the Fifth Circuit's decision in *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987), found that a matter is not a core proceeding "'[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy....'" 17 F3d at 1348.  See also, *Florida Development Associates Ltd.,* Adv. No. 08-1830-BKC-AJC-A (February 4, 2009) (unpublished decision granting motion for abstention where plaintiff conceded claims were non-core and Court held that if proceeding is one that could exist outside of bankruptcy, it is non-core) (citing *Toledo,* 17 F3d at 1348); *In re Tidewater Lodging Group, LLC*, 2009 WL 909417 (Bankr. S.D.Fla. April 3, 2009)(citing *In re Marill Alarm Systems, Inc.*, 81 B.R. 119, 123 (S.D.Fla. 1987), the court held state law usury claims are non-core despite the fact that claims had the potential to increase the assets of the bankruptcy estate).

The Eleventh Circuit also quoted with approval from *In re Wood* as follows: the proceeding at issue was not a core proceeding because it was "'simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.'" *Toledo,* 17 F3d at 1348-1349 (quoting from *Wood*, 825 F.2d at 97).  Like *Wood*, the  claims at issue in the State Court Action are state law claims that could have proceeded in state court had there been no bankruptcy.  There is simply no basis to conclude that such claims fall within the core jurisdiction of this Court.

The Trustee argues that the matter is core, asserting: "(a) that the dispute involves property of the bankruptcy estate; and (b) it affects the liquidation of the Debtor's assets or the adjustment of the debtor-creditor relationship."  See *Notice of Removal at paragraph 14*. The Trustee's arguments are based on the mistaken premise that the real estate purchase deposit of $1,532,500.00 (approx.)

being held in escrow by the Debtor, or the claim to a portion of those funds as a real estate commission if the sellers were to prevail in the litigation with the purchaser, is property of the estate. The Trustee's arguments will be addressed in turn below.

### a.    <u>The Real Estate Deposit is not Property of the Estate</u>

Property that a debtor holds in escrow or trust is not property of the estate under 11 U.S.C. § 541. *Dzikowski v. NASD Regulation, Inc. (In re Scanlon)*, 239 F.3d 1195, 1197-1198 (11th Cir. 2001) (under Florida law, legal title to property placed in escrow remains with grantor until specified condition has occurred); *T & B Scottsdale Contractors, Inc. v. United States,* 866 F.2d 1372, 1376 (11th Cir. 1989) (funds deposited in debtor's account were meant for other contracting party's materialmen and therefore, were not property of debtor's bankruptcy estate); *In re Palm beach Heights Development & Sales Corp.*, 52 B.R. 181, 183 (Bankr. S.D. Fla. 1985) ($12,600,000 posted by the Debtor held to be a trust or escrow to assure completion of road and drainage improvements, and therefore, is not property of the estate subject to turnover under 11 U.S.C. § 542).

The Notice of Removal at paragraph 8 acknowledges that the real estate deposit at issue was being held by the Debtor in escrow. The Trustee states in the Notice of Removal: "Additionally, Hayim seeks the return of a $1,532,500 deposit *currently held in escrow* in the Debtor's account, and from which the Trustee asserts that he is entitled to a $345,000.00 commission." Notice of Removal at paragraph 8 (emphasis added). The Trustee's counsel also acknowledged that the deposit is being held in escrow in a letter it sent to the Debtor's bank. Specifically, the March 23, 2009 letter stated "[i]t has come to my attention that the Debtor and therefore the estate may be entitled to a portion of the amount that Mellon United National Bank is holding *in escrow* ...." Counsel for one of the sellers also sent a letter to the Bank acknowledging that the monies are being held in escrow and therefore are not property of the estate. Hayim, the purchaser under the asserted real estate contract,

agrees that the real estate deposit was placed in escrow with the Debtor and is being held in escrow. In addition, the real estate contract attached to the Trustee's Response to the Motion (D.E. 11) provides that the deposit is to be held in escrow.  Under these circumstances,  the Court concludes that the real estate deposit was being held in escrow by the Debtor.

Although, as discussed above, the estate currently has stated no claim to a real estate commission, even if it did, that would not transform the escrow monies into property of the estate. As this Court has previously recognized, it is the claim that is the property of the estate and not the fund that the Debtor is holding in escrow.  See *In re Palm Beach Heights Development & Sales Corp.*, 52 B.R. 181, 183 (Bankr. S.D. Fla. 1985) ("Any claim, contingency or chose in action against the trust fund is the property of the estate but the fund itself is not."); *In re Carousel International Corporation*, 89 F.3d 359, 362 (7th Cir. 1996) (when estate stakes a claim, the property of the estate is the claim of ownership – not the thing to which the estate lays claim until the claim is adjudicated or resolved by the parties).

### b.    The matter is not Core under 28 U.S.C. § 157(b)(2)(O)

This matter is not a core proceeding under § 157(b)(2)(O) – the so-called "catch-all" provision involving "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship...."  This provision, while written broadly, is not to be construed broadly – rather it must be construed to conform to the constitutional proscription of *Marathon*.  *Wood*, 825 F.2d at 95.

The real estate dispute at issue cannot be said to affect the liquidation of assets of the estate because, as noted above, the monies in the escrow account are not property of the estate.  To the extent that the Trustee argues that the potential of recovering on a claim for a commission makes the proceeding one that affects the liquidation of assets of the estate, this argument has been roundly

rejected. The court in *Tidewater Lodging*, 2009 WL 909417 at * 2, recognized that a matter cannot be deemed to be core merely because the debtor holds a claim which, if successful, could increase the assets of the estate. The court wrote: "[i]f this Court conferred core jurisdiction on that basis, however, virtually any claim which could increase the assets of the estate would entitle the bankruptcy court to ignore the constitution proscription set forth in *Marathon*." *Id.* (quoting from *Marill Alarm Systems*, 81 B.R. at 123. Even if payment of creditors claims was entirely dependent upon recovery of the claimed commission, as the Trustee here contends, this would still not be enough to confer core jurisdiction on the bankruptcy court. *Peterson v. 610 W. 142 Owners Corp.* (*In re 610 W. 142 Owners Corp.)*, 219 B.R. 363, 370, 372 (Bankr.S.D.N.Y. 1998) (to permit core jurisdiction to be exercised on such a basis would "emasculate" the Supreme Court's *Marathon* decision because every recovery can change the size of a bankruptcy estate).

In a different context, this Court has held that an estate's interest in accumulating assets through the pursuit of claims does not "... turn a state law claim into one affecting the administration of the estate." *Florida Development Associates,* (unpublished decision granting motion for abstention at p. 11).

This matter is also not a proceeding affecting the adjustment of the debtor-creditor relationship. Although Hayim's Amended Complaint set forth a damage claim against the Debtor, Hayim never served the Debtor with the Amended Complaint, and most significantly, Hayim has not filed a proof of claim in this proceeding. Since Hayim has not pursued any damage claims in the Debtor's bankruptcy case, this matter will not adjust the debtor-creditor relationship between them.

It is the implementation of the bankruptcy processes through the filing of a proof of claim that could result in some adjustment of the debtor-creditor relationship. As noted by the Fifth Circuit in *Wood*, 825 F.2d at 97, "... the state-law right underlying the claim could be enforced in a state

10

court proceeding absent the bankruptcy, but the nature of the state proceeding would be different from the nature of the proceeding following the filing of a proof of claim." In *Wood*, the plaintiff brought an action in the bankruptcy court against the debtors and a third party for wrongful appropriation of corporate assets. Despite the fact that the plaintiff's action sought damages, the Fifth Circuit found that the proceeding was non-core because the plaintiff had not filed a claim in the bankruptcy case. *Id.*

As recognized by the Eleventh Circuit in *Toledo*, section 157(b)'s list of core proceedings must be interpreted in light of the constitutional limitations that prompted their enactment. *Toledo*, 170 F.3d at 1348. As this Court has noted, where, as here, the matter could exist outside of bankruptcy, the matter is non-core.

### c.  The Matter is not Core under 28 U.S.C. § 157(b)(2)(K) (extent, validity and priority of liens)

At the hearing on this matter, the Trustee further argued that the matter is core under 28 U.S.C. § 157(b)(2)(K) as a proceeding to determine the validity, extent, or priority of liens. However, as interpreted by the Eleventh Circuit and other courts, core jurisdiction under that section is limited to determining the extent, validity, and priority of liens *on property of the estate or property of the Debtor*. *Toledo*, 170 F.3d at 1347(core jurisdiction did *not* exist under § 157(b)(2)(K) to determine extent, validity and priority of liens as to partnership property of non-debtor in which debtors held 50% interest). The Court in *Toledo* recognized that if core jurisdiction could be found to exist for disputes involving property that was not property of the estate or the debtor, bankruptcy courts ... "'would be asserting a form of jurisdiction *ferae naturae*, capable of the adjudication of property rights wherever found and by whomever owned.'" *Id.* (quoting with approval *Allis-Chalmers Corp. V. Borg-Warner Acceptance Corp.* (*In re Dr. C. Huff Co.*), 44 B.R. 129, 134 (Bankr. W.D. Ky. 1984)).

Because the escrow deposit is not property of the estate or property of the debtor, determination of the underlying real estate dispute is not a core proceeding under § 157(b)(2)(K).

### 3.    An action has been commenced in State Court

The third factor required for mandatory abstention is that an action has been commenced in state court. In this case, an action has been commenced in state court prior to the bankruptcy filing. Indeed, the State Court Action is the action the Trustee has sought to remove.

### 4.    Timely Adjudication

The phrase "timely adjudication" is not defined in the Bankruptcy Code, but "[c]ourts interpreting this phrase have not focused primarily on when the case would be tried but rather on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." *E.S. Bankest,* 284 B.R. at 174. In considering whether allowing a case to proceed in state court will adversely affect the administration of the bankruptcy case, courts have looked at some or all of the following factors:

> "(1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and whether the underlying bankruptcy case is a reorganization or liquidation case."

*Id.* (citing *In re Midgard Corp.*, 204 B.R. 764, 779 (10th Cir. BAP 1997)).

With bankruptcy administration being the primary focus, the nature of the bankruptcy case becomes the single most important factor to consider. *Id.* at 175 (citation omitted). "'... [I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.'" *Id.* (quoting from *Midgard*, 204 B.R. at 778-779). The court in *E.S. Bankest* distinguished the chapter 7 case and liquidating chapter 11 case from a Chapter 11 reorganization

prior to confirmation where any significant delay in resolving the claims could prove fatal to the reorganization.

Using this standard, the Court finds that the action can be timely adjudicated in the state court. Hayim has indicated that he intends to demand a jury trial and he has not consented to this Court entering a final judgment in this non-core matter. There has been no answer filed to the Amended Complaint, and Hayim may still demand a jury trial. All of the issues are state court issues that can be resolved by the state court. Although this Court is aware that the state courts are inundated with foreclosure cases, it is unclear how much quicker the case can be tried in the district court. In sum, Hayim has established that the matter can be "timely adjudicated" in state court when the phrase is properly construed by focusing on how these proceedings affect bankruptcy administration. Accordingly, since all of the elements for mandatory abstention are present here, this Court is required to abstain.

## C.    Permissive Abstention

Even if the grounds for mandatory abstention were not present, the Court would grant Hayim's request for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). Under that section, the Court has broad discretion to abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for the State law." See *Florida Development Associates* (unpublished decision granting motion for abstention at p. 11, citing *In re Ackerman, Herbst and Pliskow, M.D., P.A.*, 221 B.R. 568 (S.D.Fla. 1998)).

In *E.S. Bankest,* 284 B.R. at 176, the Court set out fourteen (14) factors that a court should consider when determining whether to permissively abstain under 28 U.S.C. § 1334(c)(1). These factors will be discussed in turn below.

**(1) the effect of abstention on the efficient administration of the bankruptcy estate;**

In this case, abstention would have little or no effect on the efficient administration of the bankruptcy estate. As noted above, this is a Chapter 7 liquidation case. The Trustee's claim to a possible real estate commission, if successful, would provide the bankruptcy estate funds to distribute to creditors.

However, the estate appears to currently have no interest in the State Court Action other than as an escrow agent. Although the Debtor was named as a defendant, the Debtor was never served with the Amended Complaint and Hayim has not filed a proof of claim. Moreover, the estate's claim to a commission is contingent on the outcome of a dispute between the buyer and sellers – none of whom are in bankruptcy. Most significantly, it appears that the estate may not even currently hold a contingent claim to a commission as the Debtor's principal has testified that all listings and related rights to commissions had been relinquished or transferred by the Debtor before the filing of the bankruptcy petition.

**(2) the extent to which state law issues predominate over bankruptcy issues:**

As previously noted, the issues in the State Court Action are solely state law issues. There are no bankruptcy issues raised. Therefore, there is no question that state law issues predominate over bankruptcy issues.

**(3) the difficulty or unsettled nature of the applicable state law;**

The difficulty or unsettled nature of applicable state law has yet to be determined, as all of the state court defendants have filed motions to dismiss to the Amended Complaint. However, the underlying facts are complicated, and involve the application of Florida statutes and the determination of the impact of local ordinances and building codes, as well as the interpretation of contract s. It is likely that the defendants will file counterclaims and cross claims as well.

**(4) presence of related proceedings commenced in state court or other non-bankruptcy courts**

The only proceeding pending is the State Court Action.

**(5) jurisdictional basis, if any, other than § 1334;**

For the reasons discussed in the "No Independent Basis for Federal Jurisdiction" section of the mandatory abstention analysis herein, there is no basis for federal jurisdiction other than 28 U.S.C. § 1334**.**

**(6) degree of relatedness or remoteness of the proceedings to the main bankruptcy case;**

The state court dispute is primarily between a buyer and sellers, none of whom are in bankruptcy.  With the exception of the Debtor, all of the parties to the State Court Action are non-debtors.  None of the parties has filed a proof of claim in the Debtor's bankruptcy case.  The Debtor may have even transferred its claim to any commission pre-petition.  The Debtor's role at this juncture is simply that of an escrow agent in connection with a disputed real estate deal.

**(7) the substance rather than the form of an asserted "core" proceeding;**

The Court has already found that the proceeding is not a core proceeding.

**(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court;**

All of the claims are state court claims.

**(9) the burden of the bankruptcy court's docket;**

Retention of this case would burden not only the bankruptcy court's docket, but the district court's docket as well.  The matter will be tried in the district court, but the bankruptcy court would handle all pre-trial matters.  Additionally, the possibility of third party claims growing during the proceedings would create jurisdictional issues.

**(10) the likelihood that the commencement of the proceedings in bankruptcy court involve forum shopping by one of the parties**

One of the defendant sellers in the State Court action has apparently attempted to consent to removing the state court matter to the bankruptcy court.  Given the tenuous connection between this bankruptcy case and the underlying dispute in the State Court Action, and the fact that neither the Debtor nor the Trustee were ever served, the Court cannot discount the possibility that forum shopping may have been a consideration in the attempt to have that matter removed to this Court.

**(11) the existence of a right to jury trial**

A jury trial right exists regarding the state court claims, which essentially sound in fraudulent or negligent representation.  Hayim has stated his intention to demand a jury trial and his time for doing so had not expired at the time of the notice of removal since only motions to dismiss have been filed.  See Rule 1.430(b), Fla.R.Civ.P. (demand for jury trial to be made within 10 days after service of last pleading directed to such issue).

**(12) the presence in the proceedings of non-debtor parties**

Of the five parties to the state court proceeding, four of them are non-debtors.  The Debtor was never served in the State Court Action and neither the Debtor nor the Trustee has ever appeared in that action.

**(13) comity**

In the instant case, where the real estate dispute involves solely state court issues,  relates to property located within the state of Florida, and no core issues are involved, comity weighs heavily in favor of abstention.  Indeed, there is no compelling reason for this Court to retain jurisdiction over this wholly state court proceeding.  As noted by the *E.S. Bankest,* "when a proceeding is based on state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling.  *E.S. Bankest,* 284 B.R.at 177.  In this case, the limited connection may be even more

attenuated because the Debtor's claim to a potential real estate commission may have actually been transferred pre-petition.

### (14) the possibility of prejudice to other parties to the action

The Defendants may assert third party claims against non-debtor third parties.  The mere possibility of prejudice to these other parties favors abstention.

Based upon the Court's analysis of the above factors, the Court exercises its discretion to permissively abstain from hearing and trying this case.

**D.    Equitable Remand**

Further, once a claim has been removed, "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C.§ 1452(b). The criteria for either permissive abstention or remand under 28 U.S.C. § 152(b) are virtually identical**.**  Due to the remoteness of the claims at issue to the bankruptcy case, the non-core nature of the matter, and considerations of comity for the Florida state court, the Court finds that equitable considerations warrant remand of this proceeding to the state court.   Thus, it is

**ORDERED AND ADJUDGED** that the Motion is GRANTED and the Court abstains from hearing and trying this proceeding under both the mandatory and permissive abstention statutory provisions.  This proceeding is remanded to the state court and the Clerk is directed to close this adversary proceeding.

###

**Copies furnished to:**

**James D. Silver, Esq.**
jsilver@conradscherer.com
**Conrad & Scherer, LLP**
**Attorneys for Plaintiff, Stuart Hayim**
**633 South Federal Highway, 8th Floor**
**Fort Lauderdale, FL 33301**

**Jerry M. Markowitz, Esq.**
**jmarkowitz@mdrtlaw.com**
**Rilyn C. Carnahan, Esq.**
**rcarnahan@mdrtlaw.com**
**Markowitz Davis Ringel & Trusty, P.A.**
**Attorneys for Alan L. Goldberg, Chapter 7 Trustee**
**as Trustee for SOL, LLC**
**9130 South Dadeland Blvd.**
**Two Datran Center, Suite 1225**
**Miami, FL 33156-7849**


Attorney James Silver is directed to serve copies of this Order upon all interested parties in this adversary proceeding immediately upon receipt of same and shall file a Certificate of Service with the Court.